UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, ) 03 CV 5413 (SCR)
 )
and )
 )
KEVIN DICKERSON, WILLIE )
DUBOSE, and DENNIS NEWTON, )
 ) **CONSENT DECREE**
Plaintiffs, )
 )
v. )
 )
MARJAM SUPPLY COMPANY, INC. )
AND CHOICE LABOR INC. ).
 )
Defendants. )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CONSENT DECREE

This action was initiated on or about July 22, 2003 by Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, alleging that defendants Marjam Supply Company, Inc., ("Marjam") and Choice Labor Inc. ("Choice Labor") (collectively "defendants") engaged in unlawfully discrimination against Willie Dubose, Kevin Dickerson, and Dennis Newton (collectively "claimants") on the basis of race, African American, by subjecting them to differential discipline and termination, creating a hostile work environment and engaging in unlawful retaliation against employees for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Specifically, EEOC alleged that defendants Marjam and Choice Labor created a hostile environment for claimants when a supervisor and other employees of Marjam's Newburgh warehouse facility made unwelcome racial slurs and comments toward them.

1

EEOC and defendant Marjam ("the parties") desire to settle this action, and therefore stipulate to entry of this Decree as final and binding between the parties and Marjam's successors, assigns, subsidiaries, affiliates, purchasers, and any other corporation or entity into which Marjam may merge or with which either or both may consolidate, and any other corporation or entity that purchases or acquires Marjam. The parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court. Choice Labor, upon information and belief, no longer exists and has no successor; it is not a party to this Decree. Defendant Marjam will notify EEOC within five (5) business days if it has any knowledge of, or begins to do business with Defendant Choice Labor, its successor(s), or its former President, Vincent Cinotti, if Marjam begins to use any contract labor or temporary employees from Choice Labor, its successor(s), or Cinotti during the term of this Decree. If Choice, its successor, or Cinotti resumes operation on any aspect of Choice's business in employing laborers or other workers at Marjam or at any other employer, the terms of this Decree as stated in ¶¶1-7 and 12-29 will apply to Choice, or its successor.

This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of defendant Marjam, which has denied and continues to deny the allegations of the Complaint asserting racial harassment, discrimination and retaliation in violation of Title VII.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

A. **GENERAL PROVISIONS**

1. This Decree resolves all issues raised in EEOC Charge Numbers 160-2002-00035C, 160-2002-00234C, 160-2002-0038C, 160-2002-00233C, 160-2002-00037, 160-2002-00232C and in EEOC's Complaint in this case. This Decree in no way affects EEOC's right to process any other pending or future charges that may be filed against defendants and to commence civil actions on any such charges as EEOC sees fit.

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3. Defendant Marjam will not contest the validity of this Decree nor the jurisdiction of the United States District Court to enforce this Decree and its terms, and will not contest the right of EEOC to bring enforcement proceedings upon the breach of any of the terms of this Decree by Marjam.

4. Breach of any term of this Decree should be deemed a substantive breach. EEOC will determine whether Marjam has complied with the terms of this decree and is authorized to seek compliance with this Decree in the United States District Court.

5. Defendant Marjam will provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, purchasers, and to any other corporation or other entity into Marjam may merge or with which it may consolidate, and to and any other corporation or entity that purchases or acquires Marjam.

6. Defendant Marjam, its managers, officers, agents, successors, assigns, subsidiaries, affiliates, purchasers, and any other corporation or entity into which it may merge or with it may consolidate, and any other corporation or entity that purchases

or acquires Marjam is enjoined from discriminating against any individual because of that individual's race and is enjoined from retaliating against claimants and is enjoined from retaliating against any other individual because of participation in this matter in any way, or because of her or his assertion of rights under Title VII.

    7.    Defendant Marjam will not rehire or otherwise reemploy Jeffrey Manning.

**B.**    **REMEDIAL AND MONETARY RELIEF FOR CLAIMANTS**

    8.    This Court's entered Order of March 28, 2005 ruling that the EEOC could not bring this action on behalf of any claimants in addition to the three plaintiff-intervenors is now vacated by this Decree. James Garland and Joseph Branch are added now as claimants who are eligible for the monetary relief as described below.

    9.    Within 10 days of entry of this Decree, defendant Marjam will pay the five claimants a total of $495,000 as follows:

    a.    $ 191,069.12 to Willie Dubose, in two checks: one payable to Willie Dubose in the sum of $ 95,534.56 for back pay from which all applicable employee taxes and Social Security, FICA, and other federal contributions shall be deducted, as detailed in an accompanying W-2 statement; a second check payable to Willie Dubose in the sum of $ 95,534.56 for compensatory damages;

    b.    $ 80,294.56 to Kevin Dickerson, in two checks: one payable to Kevin Dickerson in the sum of $ 40,147.28 for back pay from which all applicable employee taxes and Social Security, FICA, and other federal contributions shall be deducted, as detailed in an accompanying W-2 statement; a second check payable to Kevin Dickerson in the sum of $ 40,147.28 for compensatory damages;

    c.    $ 30,000 to Dennis Newton, in one check payable to Dennis Newton in the sum of $ 30,000 for compensatory damages;

    d.    $ 20,000 to James Garland, in two checks: one payable to James Garland in the sum of $ 10,000 for back pay from which all applicable employee taxes and Social Security, FICA, and other federal contributions shall be deducted, as detailed in an accompanying W-2 statement; a

     second check payable to James Garland in the sum of $ 10,000  for compensatory damages;

  e. $ 8,000  to Joseph Branch, in two checks: one payable to Joseph Branch in the sum of $ 4,000  for back pay from which all applicable employee taxes and Social Security, FICA, and other federal contributions shall be deducted, as detailed in an accompanying W-2 statement; a second check payable to Joseph Branch in the sum of $ 4,000  for compensatory damages;

  f. A check payable to Evan M. Foulke, Esq. in the amount of $ 165,646.32 for attorney's fees and reimbursement of costs, expenses and disbursements.

10. The checks referred to in subparagraphs ¶9(a)-(c) above will be sent to claimants in care of their attorney, Evan M. Foulke, 1997 Route 17 M, P.O. Box 239, Goshen, NY 10924, together with appropriate tax forms, and will simultaneously send a copy of the checks and tax forms to Michael Ranis, EEOC New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004. The checks referred to in subparagraphs ¶9(d)-(e) above will be sent to those claimants directly, at addresses provided to Marjam by EEOC.

11. Marjam will be responsible for paying its portion of applicable payroll taxes.

### C. WRITTEN POLICIES AND PROCEDURES

12. Within 10 days of entry of this Decree, Marjam will adopt and maintain the Anti-Discrimination, Anti-Harassment and Retaliation Policy attached as Exhibit A prohibiting discrimination and harassment on the basis of race and prohibiting retaliation against individuals who engage in protected activity under Title VII. The policy prohibits discrimination due to an individual's race and prohibits harassment on the basis of race, including the creation of a hostile environment on and unwelcome conduct or comments on the basis of race. It also prohibits retaliation against individuals who engage in protected activity under Title VII, including, but not limited to, complaining about or opposing discrimination.

13.     Within 10 days of entry of this Decree, Marjam will adopt and maintain the procedures attached as Exhibit B for receipt and handling of complaints of discrimination, harassment and retaliation, including discipline of individuals found to have engaged in discriminatory, harassing or retaliatory conduct. As part of these complaint procedures, Marjam employees will be able to report incidents of discrimination, harassment or retaliation to any of Marjam's supervisors or managers, to any person in Marjam's Human Resources Office, Equal Employment Office Coordinator described in ¶¶24-25 below, or to a toll-free number for reporting incidents of discrimination, harassment or retaliation described in ¶14 below. In addition, as part of these complaint procedures, it will be the duty of all supervisors and all management at Marjam to immediately report any allegations of or suspected incidents of discrimination, harassment or retaliation to Marjam's Equal Employment Office Coordinator described in ¶24-25 below. The complaint procedures will provide that the filing of anonymous complaints is permitted and include safeguards to preserve the anonymity of the complainant when requested by a complainant to the extent possible and consistent with the law. The procedures will require that Marjam keep complaints confidential to the extent possible and not publicize unnecessarily the subject matter of the complaint or the identity of the complainants. The procedures also require that Marjam make available a complaint form that may be used to report all incidents of discrimination and retaliation, and that the form include, at a minimum, the identity of the parties involved, approximately when and where the alleged discrimination, harassment or retaliation occurred, the identity of witnesses and a description of the alleged acts of discrimination, harassment or retaliation. The method of investigation to be employed by Marjam when it receives a complaint in any form (including, but not limited to a complaint provided on the complaint form, a complaint to the toll-free number, a complaint to a supervisor,

manager, member of the HR Department or Equal Employment Office Coordinator, a report from a supervisor or manager of a suspected incident of discrimination, harassment or retaliation, an e-mail, verbal complaint, or handwritten letter) is specified in the attached Exhibit C. Marjam will also adopt guidelines as attached at Exhibit C regarding the conduct of a thorough investigation by a trained Equal Employment Office Coordinator (see ¶¶24-25), record keeping regarding the investigation, and the recording of actions taken during or as a result of an investigation of a complaint of discrimination or harassment.

14. Within 10 days of entry of this Decree, Marjam will establish and maintain a functioning, toll-free telephone number for reporting incidents of discrimination, harassment, or retaliation, and post in each of their facilities in conspicuous places where employee notices are posted a poster (Exhibit D) containing the toll-free number. The telephone will be answered by an Equal Employment Office Coordinator, identified in ¶¶24-25 below, who is trained to investigate claims of discrimination, harassment and retaliation. The telephone will be answered personally from 8:00 a.m. to 5:00 p.m., Monday through Friday. During other hours, or during times when the Equal Employment Office Coordinator is conducting business related to that position and cannot answer the phone, or is on scheduled breaks, this telephone line will have an outgoing recorded message containing information about the complaint recording procedure and a listing of staffed hours, and will accept recorded messages and complaints.

15. Within 30 days of entry of this Decree, Marjam will distribute a copy of the written policies and procedures for receipt and handling of complaints of discrimination set forth in Exhibit B to all of their employees, and will distribute Exhibit B to all employees hired thereafter within five days of the commencement of their employment.

### D. TRAINING

16. Within 10 days of entry of this Decree, Marjam will provide all of its non-managerial employees in its Newburgh, New York facility with a 1.5 hour training seminar regarding the rights of employees and responsibilities of employers under federal anti-discrimination laws and how such laws define unlawful discrimination, harassment and retaliation, placing a special emphasis on race discrimination and harassment. The training will be conducted by Marjam's Director of Human Resources Anthony DeLosa, and will consist of the curriculum materials attached as Exhibit E. Marjam will thereafter provide the same training to all new non-managerial employees in Newburgh through a DVD presentation within 10 days of the date of hire. The training seminar must be repeated every year for all non-managerial employees in Newburgh for the duration of this Decree.

17. Within 10 days of entry of this Decree, Marjam will provide all of its supervisors, managers and officers in its Newburgh, New York facility with a separate 4 hour training seminar regarding the rights of employees and responsibilities of employers under federal anti-discrimination laws and how such laws define unlawful discrimination, harassment and retaliation, placing a special emphasis on race discrimination and harassment, including sensitivity, role playing, and diversity training regarding race discrimination and harassment. The latter training will also include training on recognizing and preventing stereotypes about African-Americans, and how to exercise leadership to prevent and remedy unlawful race discrimination, harassment, and retaliation in the workplace. The training will be conducted by Anthony DeLosa and Ken Goldberg of Marjam, and will include the materials attached as Exhibit F, as well as covering managerial responsibility to report all suspected incidents of discrimination, harassment and retaliation and will cover Marjam's policies and procedures

attached as Exhibits A and B. Marjam will thereafter provide newly hired or newly promoted managers and supervisors with such training within 10 days of the date of hire or promotion. The managerial training seminar must be repeated every six months for all supervisors and managers for the duration of this Decree.

18. Within 15 days of entry of this Decree, Marjam will provide additional individualized training of two hours to Anthony DeLosa regarding federal anti-discrimination law, including a special emphasis on how to exercise leadership to prevent and remedy unlawful race discrimination, harassment, and retaliation in the workplace, and how to interview witnesses, investigate facts, record information, and compare recorded information about the facts collected in an investigation after receiving a complaint of race discrimination or harassment. The training will be conducted by Mr. Ken Goldberg, and will include the materials attached as Exhibit G.

19. Within 10 days of the completion of each training session referenced in ¶¶16-18 above, Marjam will provide EEOC sign-in sheets showing who attended the training(s), the job title of each such individual, and indicate the subject matter of the training and its beginning and ending time.

### E. ADDITIONAL NOTICES AND POSTING

20. Within 30 days of entry of this Decree, Marjam will distribute to all of its employees a memorandum attached as Exhibit H emphasizing its commitment to abide by all federal laws prohibiting employment discrimination, including laws prohibiting race discrimination, harassment and retaliation. The memorandum will also announce the appointment of the Equal Employment Office Coordinator identified in ¶¶24-25 below, and will also inform employees of the toll-free telephone number for reporting complaints described in

¶14 above. Within 30 days of entry of this Decree, Marjam will also post and maintain the memorandum in each of their facilities in conspicuous places where employee notices are posted.

21.   Within 10 days of entry of this Decree, Marjam will post and maintain EEOC poster in each of their facilities in conspicuous places where employee notices are posted.

22.   Within 10 days of entry of this Decree, Marjam will post and maintain a remedial Notice pursuant to this Decree, a copy of which is attached as Exhibit I, printed on EEOC letterhead, in its Newburgh, New York facility in conspicuous places where employee notices are posted.

23.   Within 10 days of entry of this Decree, Marjam will post and maintain a copy of their Anti-Discrimination, Anti-Harassment and Retaliation Policy attached as Exhibit A, together with a copy of the procedures attached as Exhibit B for receipt and handling of complaints of discrimination, harassment and retaliation, in each of their facilities in conspicuous places where employee notices are posted.

### F.   APPOINTMENT OF EQUAL EMPLOYMENT OFFICE COORDINATOR

24.   Marjam appoints its Director of Human Resources Anthony DeLosa as its Equal Employment Office Coordinator, a person who is knowledgeable about federal anti-discrimination laws, and who will be responsible for receiving and investigating complaints of discrimination and for answering and responding to telephone calls to Marjam's toll-free telephone number identified in ¶14 above. The Equal Employment Office Coordinator is responsible for fully investigating all complaints about discrimination and assuring that the investigations are done in a manner that complies with federal anti-discrimination laws, and for resolving the complaints, including granting appropriate remedial relief to employees who are found to have been subjected to discrimination, harassment or retaliation and imposing

appropriate discipline on employees who are found to have engaged in discrimination, harassment or retaliation. Should Mr. Anthony DeLosa cease to act as Equal Employment Office Coordinator for any reason during the duration of this Decree, Marjam will provide written notice to EEOC within 10 days of when it becomes aware of the need to designate a new Equal Employment Office Coordinator, stating the reason(s) why the outgoing coordinator is leaving, and the identity of a qualified person Marjam proposes to assume the role of Equal Employment Office Coordinator, for approval by EEOC. If EEOC does not approve the appointment of the Equal Employment Office Coordinator proposed by Marjam, Marjam will immediately appoint an Equal Employment Office Coordinator who meets the approval of EEOC.

25. The Equal Employment Office Coordinator will have day-to-day responsibility for coordinating both Marjam's compliance with anti-discrimination laws and with this Decree, and maintaining records required by this Decree. As referred to in ¶22 above, the Equal Employment Office Coordinator will receive, investigate and resolve all complaints of discrimination received by Marjam. The Equal Employment Office Coordinator will promote Marjam's anti-discrimination policies and procedures and arrange for the training of all employees regarding Marjam's anti-discrimination policies and procedures and the laws described therein. The Equal Employment Office Coordinator will retain reports and documents of all investigations conducted and any findings and/or resolutions thereto. The Equal Employment Office Coordinator will regularly attend trainings and take other steps to keep abreast of developments in federal anti-discrimination laws. The Equal Employment Office Coordinator will have access to Marjam's documents, officers, agents, employees and contractors related to the performance of her/his duties. Marjam will immediately inform the

Equal Employment Office Coordinator of any allegations or suspected incidents of discrimination, harassment or retaliation at any of Marjam's workplaces, and will have access to interviews, reports and other documents related to the investigation of discrimination, harassment and retaliation complaints. Marjam will pay all costs, fees and expenses of the Equal Employment Office Coordinator. Marjam will give their full cooperation to the Equal Employment Office Coordinator in the performance of his duties under this Decree. The Equal Employment Officer Coordinator will forward all requested information to EEOC for EEOC's monitoring of Marjam's compliance with this Decree.

## G.   ADDITIONAL MONITORING BY EEOC

26. EEOC may monitor Marjam's compliance with this Decree during the duration of this Decree. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by announced inspection of Marjam's premises, records, and interviews with employees at reasonable times.

27. Every six months for the duration of this Decree, Marjam will provide reports to EEOC regarding any complaints made by any Marjam employees throughout the United States about discrimination on the basis of race, whether those complaints are made formally or informally or orally or in writing. If Marjam receives a complaint in writing, it will furnish that written complaint as part of the report to EEOC. The reports, at a minimum, will contain the name(s) of the persons making the complaint, the name(s) of the person allegedly engaging in discriminatory conduct, a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken.

28. All materials required by this Decree to be sent to EEOC will be addressed to:

    Equal Employment Opportunity Commission
    New York District Office – Legal Unit

Attention: Michael Ranis, Trial Attorney
New York, NY 10004-2112

**F.    DURATION OF DECREE**

29.    This Decree will remain in effect for three years from the date of entry. The court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but will not be dismissed during the duration of this Decree. Within 30 days after the date set for the expiration of this Decree, the parties will submit a stipulation of dismissal to the court.

**SO ORDERED, ADJUDGED AND DECREED on April_____14_____, 2009.**

HON. _Stephen C Robinson_
Stephen C. Robinson, U.S.D.J.

**APPROVED IN FORM AND CONTENT:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

_Elizabeth Grossman_
ELIZABETH GROSSMAN
Regional Attorney

_Judy Keenan_
JUDY KEENAN
Supervisory Trial Attorney

_Michael Ranis_
MICHAEL B. RANIS (3757)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

13

33 Whitehall Street
New York, NY 10004
(212) 336-3701
michael.ranis@eeoc.gov

**DEFENDANT MARJAM SUPPLY COMPANY, INC.**

_____
Patrick T. Burke
BURKE, MIELE & GOLDEN, LLP
100 Washington Ave.
P.O. Box 397
Suffern, NY 10901
(845) 357-7500

_____
James Buller
Chief Financial Officer
MARJAM SUPPLY COMPANY, INC.

14

LIST OF EXHIBITS TO CONSENT DECREE

Exhibit A:   Anti-Discrimination, Anti-Harassment and Retaliation Policy

Exhibit B:   Letter to Employees on Procedures on Receipt and Handling of Complaints

Exhibit C:   Investigation Procedures and Practices

Exhibit D:   Poster for Toll-free Number

Exhibit E:   Training Materials, All Employees [Excerpts attached from slide presentation

Exhibit F:   Training Materials, Managers and Supervisors

Exhibit G:   Training Materials for training of Anthony DeLosa

Exhibit H:   Memorandum from Marjam's Chief Financial Officer

Exhibit I:   Remedial Notice by EEOC